IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**RECEIVED**

**MAR 2 1 2023**

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

| | |
|---|---|
| Calvin: Moffett<br><br>     Plaintiff<br><br>vs.<br><br>PATRICIA RISCH<br><br>     Defendant | Case No.: Number<br><br>COMPLAINT FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW |

COMES NOW, the Plaintiff, Calvin: Moffett, sui juris who files this Complaint and asserts his claims for relief against Defendant PATRICIA RISCH.

## JURISDICTION AND VENUE

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, 28 U.S.C. § 2201 et seq, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 18 U.S.C. § 1584, Fourth, Fifth, Thirteenth and Fourteenth Amendments Rights, and violation of Article I, Section 9, Clause 3.

Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. 1391(b)(1). Venue is further proper by virtue of the actions arising in district of the District of New Jersey to wit any civil action brought in this district on the grounds that the cause of action arose here must be filed in a division of the district wherein the activity occurred.

## PARTIES

**Plaintiff** : Calvin: Moffett, sui juris who dwells at 819 Morgan Street, Republic of New Jersey, Camden Non-Domestic, Real Land North America.

**Defendant**: PATRICIA RISCH, officer de facto, and sued pursuant to 42 U.S.C. § 659(a)(b)(i)(4) in her capacity of private person at all times relevant to the causes of action set forth herein. Her principal place of business is 222 SOUTH WARREN ST. TRENTON, NJ 08625. At all times herein, Defendant RISCH acted under color of federal and state law coram non judice.

1

## INTRODUCTION

Section 8 IV-D enforcement manual p.65. provides that the IV-D program is a partnership between the federal government and the State. A partnership is an association of two or more persons to carry on as co-owners of a business for profit. Defendant RISCH is the director of and in fact knows the OCSS through the States voluntary participation in the IV-D program profits and is free to spend its share of profits in any manner the State and other participants sees fit. IV-D services are outsourced by the 42 U.S.C. § 652(a) detached and disconnected federal OCSE within the U.S. DHHS through 31 U.S.C. § 6303 and § 6305 procurement contracts, *i.e.* the process of acquiring services, beginning with the process for determining a need for services and ending with contract completion. 41 U.S.C. § 403(2).

No federal regulations or provisions employed by Defendant RISCH to garnish my honestly acquired income are mandatory. However, in order to gain profit for the OCSS operating "[in]" New Jersey, the state was required to adopt the provisions of 42 U.S.C. §654(20) and §602(a)(2) resulting in Defendant RISCH committing the violations under color of nonpositive law titles that mirror federal non positive law titles and regulations.

For purposes of IV-D, provisions are the foresight of the chance of an event happening, sufficient to indicate that any present undertaking upon which its assumed realization might exert a natural and proper influence was entered upon in full contemplation of it as a future possibility. *Appeal of Blake*, 95 Conn. 194, 110 A. 833, 834.

Based on the contractual nature in *Pennhurst*, 451 U.S. at 17, 101 S.Ct. at 1540, 67 L.Ed.2d at 707, adoption of a contract by one not a party thereto is of the nature of a novation. *Edwards v. Heralds of Liberty*, 263 Pa. 548, 107 A. 324, 326. Novation is the previous valid obligation, an agreement of all the parties to a new contract, the extinguishment of the old obligation, and the validity of the new one. *Alkire v. Acuff*, 134 Okl. 43, 272 P. 405, 406.

## CRUX

2

This complaint is not the result of the Plaintiff Moffett supporting my human offspring financially through the officious intermeddling of the Defendant RISCH or her N.J.A.C.§ 10:110-1.2 (7) contractors, nor does this complaint stem from a loss in an Article VI Sec. 1 New Jersey State Court because the 45 C.F.R. § 303.100 acts performed by Defendant RISCH where coram non judice and cannot be the equivalent of an appellate review of an Article VI Sec. 1 Court judgment. Wherefore, this court will not be exercising an impermissible appellate review of Article VI Sec. 1 Court order(s) or judgment for support. As such Rooker Feldman Doctrine is no defense against this complaint.

The crux of Plaintiff Moffett's complains about the premeditated unconstitutional and forbidden acts performed by Defendant RISCH coram non judice from within the executive branch to enforce and collect IV-D payments by garnishing Plaintiff Moffett's honestly acquired income thus failing to comply with 45 C.F.R. § 303.107(c) regulations and provide 45 C.F.R. § 303.100(6) procedural due process which resulted in me being subject and caused me to be subject to the deprivation of my Fourth, Fifth, Thirteenth, and Fourteenth Amendment Rights secured by the Constitution, intentionally inflicted upon me through bills of pains and penalties prohibited by Article I, Section 9, Clause 3. As such the Younger Abstention Doctrine does not a defense against this complaint.

## LIABILITY AGAINST PATRICIA RISCH

At all times relevant pursuant to the 45 C.F.R. § 303.100 withholding of Plaintiff Moffett's honestly acquired income Defendant officer de facto RISCH acted coram non judice and distinguished from an officer de jure, the designation of one who is in the actual possession and administration of the office, under some colorable or apparent authority, although his title to the same, whether by election or appointment, is in reality invalid or at least formally questioned. Black's Law. p. 1235.

At all times relevant Defendant officer de facto RISCH supervised the unconstitutional 45 C.F.R. § 303.100 withholding of Plaintiff Moffett's honestly

3

acquired income non judice pursuant to 42 U.S.C. § 659(a) Consent to support enforcement in like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding and to any other legal process brought, by a State agency *i.e.* the OCSS administering the IV-D program under the approved State plan.

At all times relevant Defendant RISCH officer de facto withheld Plaintiff Moffett's honestly acquired income coram non judice pursuant to 42 U.S.C. § 659(b) Consent to Requirements Applicable to Private Person in that respect to notice to withhold Plaintiff Moffett's income under (a)(1) or (b) of § 666 of the title, or any other order or process to enforce support obligations against Plaintiff Moffett, each governmental entity specified in subsection (a) shall be subject to the same requirements as would apply if the entity were an (i)(4) private person, who does not have sovereign or other special immunity or privilege which causes the person not to be subject to legal process.

### THE STATE OR THE OCSS ARE NOT SOVEREIGN

Sovereignty is the supreme, absolute, and uncontrollable power by which any independent state is governed. Paramount control of the Constitution and the international independence of a state, combined with the right and power of regulating its internal affairs without foreign dictation. *Chisholm v. Georgia*, 2 Dall. 455, 1 L.Ed. 440.

*Pennhurst*, 451 U.S. at 17, 101 S.Ct. at 1540, 67 L.Ed.2d at 707 provided that when Congress fixes the terms on which it disburses federal money to the state, is in the nature of a contract: in return for federal funds, the State agreed to comply with federally imposed conditions. The legitimacy of Congress' power to legislate under the spending power thus rests on whether the State voluntarily and knowingly accepts the terms of the "contract."

There can, of course, be no knowing acceptance if a State is unaware of the conditions or is unable to ascertain what is expected of it. Accordingly, if Congress

4

intends to impose a condition on the grant of federal moneys, it must do so unambiguously. *Wehunt v. Ledbetter*, 875 F.2d 1558, 1564 (11th Cir. 1989).

Herein conditions are the future and uncertain event upon the happening of which is made to depend on the existence of an obligation, or that which subordinates the existence of liability under a contract to a certain future event. Standard *Surety & Casualty Co. v. Wynn,* Tex.Civ.App., 172 S.W.2d 789, 792. See also *provisions.*

Pursuant to 19 Corpus Juris Secundum (C.J.S.), Corporations § 883 the United States government is a foreign corporation with respect to this State. And "although State participation in the Social Security Act itself is mandatory, participation by the State in the IV-D program is voluntary." *Wehunt v. Ledbetter*, 875 F.2d 1558, 1563 (11th Cir. 1989).

Wherefore, under the current 31 U.S.C. § 6305 contract the State nor the federally outsourced OCSE operating therein has paramount control of the Constitution or international independence, combined with the right and power of regulating its internal IV-D affairs without the foreign OCSE within the U.S. DHHS's dictation and has voluntarily and knowingly waived sovereignty provided by *Chisholm v. Georgia, 2 Dall. 455, 1 L.Ed. 440.*

As such the Eleventh Amendment is not a defense against this action

## FACTUAL BACKROUND

Under the state plan, 45 C.F.R. § 303.11(a) required Defendant RISCH to establish a system for case closure. Defendant RISCH under the plan was and is 100% responsible for instituting the consistent State policy on the appropriateness of closing cases relying solely on the above federal requirements.

On March 3, 2023, Plaintiff Moffett through due process of law served Defendant RISCH via certified mail with a notarized 45 C.F.R. § 303.11(a)(12) case closure request based on the fact that I am a non IV-A recipient of services who requests closure of services, and there is no assignment to the DHS for medical support under 42 C.F.R. § 433.146 or of arrearages which accrued under any alleged

order. See Also 45 C.F.R. § 302.33 Services to Individuals Not Receiving Title IV-A Assistance.

Defendant RISCH was afforded (10) ten 45 C.F.R § 32.2 business days to comply with the 45 C.F.R. § 303.11(a)(12) closure request of IV-D security interest # CS72739025A: CS00830994C, and CS80905501A; Cease and desist from garnishing my honestly acquired income; Remove any negative reports against my credit history and; Refund me $300,000.00 in full at 12% interest. Defendant RISCH failed to comply with federal regulations as required under 42 C.F.R. § 303.107(c) that resulted in the discrimination and the deprivation of my Fourth, Fifth, Thirteenth, and Fourteenth Amendment Rights secured.

## GRAVEMAN

The income which Plaintiff Moffett has honestly acquired, I retain full control of subject to these limitations; First I shall not use it to my neighbor's injury, and that does not mean that I must use it for my neighbor's benefit; Second, I did not devote it to IV-D use, and I did not transfer to the OCSS under the supervision of Defendant RISCH any rights to control that use: and Third, whenever the public needs require, the public may take it upon due compensation. Budd v. the People of the State of New York. 143 U.S. 517.

## PREMEDITATED DISCRIMINATION AND DEPRIVATION OF RIGHTS AGAINST PATRICIA RISCH

At all times relevant Defendant RISCH officer de facto acted under a state plan, coram non judice by the statement submitted to the foreign federal OCSE describing the nature and scope of how she would collect IV-D payments from Plaintiff Moffett, and giving assurance to the foreign OCSE that payments will be collected from me in conformity with the specific requirements stipulated in title IV-D through applicable official issuances of the Secretary of the U.S. DHHS not the Article IV legislature for the State of New Jersey or the Constitution.

## OCSS FACTUAL BACKROUND

Pursuant to 42 U.S.C. 652(a) the detached and disconnected OCSE is the federal government agency that oversees the national IV-D program. Under the leadership of the Commissioner, OCSE helps IV-D agencies [["IN"]] states. See also 45 C.F.R § 301.1 IV-D agency *i.e.* [OCSS] means the alone, detached and disconnected organizational unit [["IN"]] this State that has the responsibility for administering and supervising the State plan under title IV-D of the Act.

The Secretary of the U.S. DHHS pursuant to 42 U.S.C. § 654(3) not the State of New Jersey, required the establishment of the alone, detached, and disconnected organizational unit [["IN"]] the State hereafter the Office of Child Support Services, placed within the DHS umbrella agency and is now employer to 45 C.F.R. § 302.34 agency contractors who work under 45 C.F.R. § 303.107 fixed contract term assignments to provide IV-D collection enforcement services.

## PATRICIA RISCH'S RESPONSIBILITY

45 C.F.R. § 302.12(3) provides if Defendant RISCH delegates any of the functions of the IV-D program to any other State or local agency or official, or any official with whom a contract as described in 45 C.F.R. § 302.34 has been entered into or purchases services, Defendant RISCH shall have responsibility for securing compliance with the requirements of the State plan by such agency or officials.

## PATRICIA RISCH'S IV-D COLLECTIONS CUSTOMS

To profit the OCSS, the State and herself, Defendant officer de facto RISCH submitted her plan c/o the OCSS operating in New Jersey to enforce and collect IV-D payments from Plaintiff Moffett which contained all information necessary for the federal OCSE to approve that plan in the absence of the Fifth and Fourteenth Amendment due process as well as 45 C.F.R. § 301.100(6) procedural due process requirements by the various techniques Defendant RISCH used to collect IV-D payments from Plaintiff Moffett in order to gain profit.

## PATRICIA RISCH'S IV-D BACKROUND

To maximize incentives and profits from 45 C.F.R. § 303.100 wage withholding and various other IV-D collection techniques, PATRICIA RISCH was

7

appointed as Director of the Region 2 OCSS on the basis of her IV-D enforcement training, she demonstrated IV-D collection ability, she possessed IV-D collection experience, and she exemplified IV-D leadership in the organized IV-D collection racket.

Under the state plan, Defendant RISCH officer de facto is responsible for the 45 C.F.R. § 303.100 procedures for income withholding technique consistent with IV-D of the Act. No other local or state agency had or has any authority over her decisions, or her IV-D enforcement collection racket to maximize profits.

In order to minimize any disruption of IV-D collections, Defendant officer de facto RISCH capitalized on her collection expertise and contracted muscle hereafter County Courts and Sheriffs to create a IV-D collection racket to the fullest extent possible. Under the current title 31 U.S.C. Chapter 63 contract and title 45 code of federal regulations, Defendant RISCH officer de facto strived for clarity of the current IV-D language that is clearly designed to be understood only by those participating in the IV-D enforcement collections racket, however, all the while always subject to 45 C.F.R. § 301.100(6) procedural due process requirements.

## PATRICIA RISCH'S IV-D PROCEDURAL DUE PROCESS REQUIREMENTS

45 C.F.R. § 301.100(6) is unambiguous in that the withholding or any other 42 U.S.C. §659(a)(b)(i)(4) IV-D activity was to be carried out in full compliance with all procedural due process requirements of the State. Because the OCSS is in fact outsourced by the federal OCSE, Defendant officer de facto RISCH's performed in such a way to deny Plaintiff Moffett of my Fifth and Fourteenth Amendment due process as well as § 301.100(6) regulated procedural due process requirements.

## LEGAL STANDING AGAINST PATRICIA RISCH

Pursuant to 42 U.S.C. § 1983 Defendant officer de facto PATRICIA RISCH coram non judice and under color of 42 U.S.C. § 651, title 45 Code of Federal Regulations, customs, and usage of this Commonwealth, and Territory subjected, and caused Plaintiff Moffett to be subjected within the jurisdiction thereof to the

8

deprivation of his Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights, privileges, and immunities secured by the Constitution and laws, and she is now be liable to Plaintiff Moffett who was injured by her action at law, suit in equity, or other proper proceeding for redress. Based upon knowledge, information, and factual belief derived therefrom, alleges, complains, and states as follows:

## COUNT 1

### FOURTH AMENDMENT VIOLATIONS
### AGAINST PATRICIA RISCH

The Fourth Amendment provides the right of the Plaintiff Moffett to be secure in his persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Under the plan, Defendant RISCH coram non judice, and by custom and usage performed unreasonable search to obtain Plaintiff Moffett's employment information without my knowledge and moreover, my consent in order secure the wage withholding under 45 C.F.R. § 301.100, through 453A (b) State Directory of New Hires, Part D of title IV (42 U.S.C. §§ 651 669). Plaintiff Moffett was never afforded due process and the thus deprived of his right to defend his property as required by law resulting in significant pecuniary loss of $300.000.00.

Defendant RISCH coram non judice, and under color of authority, law and office required Plaintiff Moffett's employer to furnish to the Directory of New Hires of the State in which I as newly hired employee works, and provide a report that contains my name, address, and social security number, and the name and address of, and identifying number assigned under section 6109 of the Internal Revenue Code of 1986 to, the employer. See also 42 U.S.C. § 653 (FPLS).

In depriving Plaintiff Moffett of his rights, Defendant RISCH committed the unlawful and unreasonable search of his employment then, illegally seized of his honestly acquired income coram non judice, under color of authority and color of

federal and state non positive statues in bad faith and with malicious purpose in reckless wanton, and willful disregard of Plaintiff Moffett's Fourth Amendment right, to be secure in my person, papers against the unreasonable search of my employment and the seizure of my honestly acquired income.

## COUNT 2

### FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS VIOLATIONS AGAINST PATRICIA RISCH

In the U.S. Constitution, the phrase "due process" appears twice: in the Fifth Amendment and in the Fourteenth Amendment. Both Amendments guarantee due process before Plaintiff Moffett is denied life, liberty, or property.

45 C.F.R. § 301.100(6) is unambiguous in that the withholding was to be carried out in full compliance with all procedural due process requirements of the State, because the Defendant RISCH as the Director of the OCSS outsourced by the foreign federal OCSE within the U.S. DHHS acted to the detriment denial of Plaintiff Moffett's right life, liberty, and property. I was never given proper notice of my opportunity to be heard for a decision by a neutral decision-maker of the Judicial system prior to withholding procedures.

Defendant RISCH was fully aware 45 C.F.R. § 301.100 procedures for wage withholding (4) provides that "In the case of a support order being enforced under the State plan, the withholding must occur coram non judice."

Plaintiff Moffett received an OMB form 0970-0154 from his employer, however within the four corners of the [directory] was no procedural due process for Plaintiff Moffett to obtain an unbiased tribunal; No notice of the proposed action and the grounds asserted for it; No opportunity to present reasons why the proposed action should not be taken; My right to present evidence, including my right to call witnesses; My right to know opposing evidence; My right to cross-examine adverse witnesses; A decision based exclusively on the evidence presented; My opportunity to be represented by counsel; The requirement that the tribunal prepare a record of the evidence presented; The requirement that the tribunal prepare written findings

of fact and reasons for its decision. Plaintiff Moffett was provided no procedure for promptly terminating withholding and no such procedure exist on the [directory].

Clearly the OCSS issues OMB form 0970-0154 coram non judice, as a directory, a provision in a statute, rule of procedure, or the like, which is a mere direction or instruction of no obligatory force, and involving no invalidating consequence for its disregard, as opposed to an imperative or mandatory provision, which must be followed. In *re Opinion of the Justices*, 124 Me. 453, 126 A. 354, 363.

Pursuant to 45 C.F.R. § 301.10, and § 301.100(6) the Defendant RISCH conspired to interfere and violate the Plaintiff Moffett's right to due process guarantee based on Defendant RISCH's 31 U.S.C. 6305 obligation to federal regulations to collect IV-D payments from Plaintiff Moffett. Defendant RISCH through IV-D customs and usage did effectuate the wage withholding collection technique against my honestly acquired income. Defendant RISCH accomplished withholding my income through OMB form 0970-0154 by regular mail to Plaintiff Moffett's employer in violation of Article I. Section 9. Clause 3.

Noncompliance with 45 C.F.R. § 301.100(6) by Defendant RISCH deprived Plaintiff Moffett of his right to be secure, thus resulting in Defendant RISCH committing the unconstitutional denial of due process under color of federal and state statutes in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff Moffett's Fifth and Fourteenth Amendment right to due process and did deny Plaintiff Moffett Due Process.

## COUNT 3.

### VIOLATION OF THIRTEENTH AMENDMENT INVOLUNTARY SERVITUDE AGAINST PATRICIA RISCH

It is well settled that there shall be "Neither slavery nor involuntary servitude, except as a punishment for a crime whereof the party shall have been duly convicted" *Butler v. Perry*, 240 U.S. 328 (1916).

However, in General. Section 466(a) (42 U.S.C. § 666(a), (15) Procedures to ensure that persons owing past due support work or have a plan for payment of

such support: (A)(ii) if the individual is subject to such a plan and is not incapacitated, participate in such work activities as defined in section 407(d) as the court, or, at the option of the State, the State agency administering the State program under this part, deems appropriate.

Clearly 42 U.S.C. § 603 (a)(5)(C)(III)(cc) requires an agreement or pledge by Plaintiff Moffett to participate in employment or related activities that will enable the noncustodial parent to make regular payments. Plaintiff Moffett made no such agreement or pledge to obtain employment for the sole purpose of Defendant RISCH's ability to inflict wage withholding in return for federal incentive profits.

At all times relevant, the time for the labor performed by Plaintiff Moffett taken by Defendant RISCH pursuant to 45 C.F.R. § 301.100 was coram non judice, involuntary, against Plaintiff Moffett's will and without his consent. Involuntary Servitude is the condition of one who is compelled by force, coercion, or imprisonment, and against his will, to labor for another, whether he is paid or not. *State v. West*, 42 Minn. 147, 43 N.W. 845.

At all times relevant, the Plaintiff Moffett was neither duly convicted in any Court at the time of the withholding and was immune from said and shall never undergo involuntary servitude against my will. Defendant RISCH is responsible for the deprivation of the Plaintiff Moffett's right to be free from involuntary servitude when she knew or should have known that it was forbidden by the Federal and State Constitutions.

Defendant RISCH did violate and conspire to violate the Plaintiff Moffett's right to be free from involuntary servitude by performing acts outside of the Constitution to take from Plaintiff Moffett by initiating wage withholding against my honestly acquired income when the Defendant RISCH knew or should have known that what she was doing violated the law and my 13th Amendment right from which Plaintiff Moffett suffered $300,000.00 in loss and damages.

Because Defendant RISCH's focus on generating revenue in lieu of following the law, lack of training and deliberate indifference of the need to train and the

12

unconstitutional polices, practices or customs she failed to implement policies, practices that would decrease or eliminate the deprivations of the Plaintiff Moffett's constitutional rights and immunity to be free from involuntary servitude.

Noncompliance and the blatant disregard of the Thirteenth Amendment deprived Plaintiff Moffett of his right and immunity from involuntary servitude, thus resulting in Defendant RISCH subjecting Plaintiff Moffett to involuntary servitude under color of federal and state statutes in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff Moffett's Thirteenth Amendment right and immunity against involuntary servitude.

## COUNT 4.

### THE ACT OF DISCRIMINATION BY PATRICIA RISCH

At all times relevant, in blatant disregard to Title VI, 42 U.S.C. § 2000d et seq., Defendant RISCH knowingly and intentionally discriminated against Plaintiff Moffett on the basis of my gender under IV-D program activities for incentives and profit. Defendant RISCH knowingly and intentionally ignored my legitimate request for case closure on the basis that 45 C.F.R. § 303.11(a)(12) is clearly gender biased because it only allows the women who applied for services to request case closure, not Plaintiff Moffett a man.

Simple justice requires that public funds, to which all men and woman contribute, not be spent in any fashion which encourages, entrenches, subsidizes, or results in racial, color or national origin discrimination. Title VI itself prohibits intentional discrimination of any kind. However, it is clear that Defendant RISCH Director of the OCSS, outsourced by the federal OCSE within the U.S. DHHS *i.e.* the funding agency have no regulations implementing Title VI that prohibit practices that have the effect of discrimination on the basis of gender *i.e.* man and woman.

Defendant RISCH under color of federal and state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff Moffett's

13

right and immunity against discrimination based on his gender under the current IV-D security interest.

## COUNT 5.

### DENIAL OF FOURTEENTH AMENDMENT EQUAL PROTECTION OF THE LAWS AGAINST PATRICIA RISCH

It is well settled that that no State shall deny to any person within its jurisdiction the equal protection of the laws. Defendant RISCH knowingly and intentionally ignored my legitimate request for case closure on the basis that 45 C.F.R. § 303.11(a)(12) only allows the women attached the IV-D security interest who request case closure, not Plaintiff Moffett a man thus violating and depriving me of my Fourteenth Amendment right to equal protection under the laws.

At all times relevant pursuant to 45 C.F.R. 303.107(c) Defendant RISCH did violate and deprive Plaintiff Moffett's right to equal protection under the laws by knowingly and intentionally ignoring and discarding my legitimate request for case closure because Defendant RISCH knew or should have known that what she was doing violated the law and my 14th Amendment right to equal protection of the laws from which Plaintiff Moffett now suffers $3000,000.00 in loss and damages.

Defendant RISCH under color of federal and state statutes in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff Moffett's Fourteenth Amendment right to equal protection of the laws.

## COUNT 6.

### INTENTIONAL INFLICTION OF BILLS OF PAINS AND PENALTIES AGAINST PATRICIA RISCH

In the United States, bills of attainder *i.e.* bill of pains and penalties are unconstitutional as stated in Article 1 Section 9 Clause 3 of the U.S. Constitution Under IV-D of the Act the current bills of pains and penalties was and are the act of the U.S. Congress allowing Defendant RISCH to declare obligors *i.e.* non-custodial parent guilty of not paying the OCCSS. The most profitable and commonly used bill

of pains and penalties inflicted upon Plaintiff Moffett by Defendant RISCH was 45 C.F.R. § 303.100 administrative wage withholding coram non judice.

The constitutional ban bill of pains and penalties works to uphold separation of powers principles by preventing Congress and state legislatures from assuming the functions of the judicial branch. 45 C.F.R. § 303.100 are the acts of the Federal and State legislature declaring persons commonly referred to as *obligors*, or the group of people hereafter 42 U.S.C. § 666(a)(3)(C) noncustodial parents, guilty of not paying the OCSS under the supervision of Defendant RISCH and taking from them coram non judice without just compensation.

Pursuant to 45 C.F.R. § 307.10 computerized support enforcement systems Defendant RISCH did violate and conspire to violate Article1 Section 9, clause 3 of the U.S. Constitution by knowingly and intentionally inflicting bills of pains and penalties hereafter wage withholding when the Defendant RISCH knew or should have known that what she was doing was prohibited resulting in Plaintiff Moffett suffering $300,000.00 in loss and damages as result thereof.

Defendant RISCH coram non judice under color of federal and state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff Moffett's Article 1 Section 9  Clause 3 immunity from bills of pains and penalties.

## PRAYER FOR RELIEF

WHEREFORE, on the basis of the deprivation of rights under color of law, the Plaintiff Moffett respectfully requests that this Court:

(1). Assume jurisdiction over this action.

(2). Award closure of IV-D security interest # CS72739025A: CS00830994C: CS80905501A with zero dollar amount of arrears.

(3). Order Defendant RISCH to refund my honestly acquired income of $300,000.00 unlawfully taken under 45 C.F.R. § 303.100 since my compelled participation in the IV-D program to present.

(4). Award accounting for 12% interest on my honestly acquired income of $300,000.00 unlawfully taken since my compelled participation in the IV-D program to present.

(5). Award compensatory, punitive, and other damages against Defendant RISCH for violating Plaintiff Moffett's rights secured under the Constitution in an amount of $300,000.00 or amount to be determined by a jury.

(6). Award reasonable attorney's fees, expenses, and costs of this litigation pursuant to 42 U.S.C. § 1988 to the Plaintiff Moffett.

(7). Award such other and further relief as this Honorable Court deems just and proper.

(8). A jury trial is demanded.


Dated this 21st of March 2023

Respectfully submitted

Calvin: Moffett
Sui Juris
c/o 819 Morgan Street,
Republic of New Jersey, Camden
Non-Domestic,
Real Land North America

16