UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN MOFFETT,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA RISCH,<br><br>Defendant. | Civil Action No. 23-1602 (RK) (JBD)<br><br>**OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on Defendant Patricia Risch's Motion to Dismiss (ECF No. 7) and *pro se* Plaintiff's Motion to Disqualify Opposing Counsel (ECF No. 9). The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion to Disqualify is **DENIED**.

**I.    BACKGROUND**

The underlying facts and procedural history are somewhat difficult to discern from *pro se* Plaintiff's Complaint. It appears that on March 3, 2023, Plaintiff served Defendant, who serves as the Assistant Director of the Office of Child Support Services (OCSS), with a "case closure request" seeking to terminate his ongoing child support obligations including the garnishment of his wages. (Compl. at 5–6, ECF No. 1.) Plaintiff's alleged basis for case closure of his child support obligations ordered through the New Jersey state court system was that he is "a non IV-A recipient of services . . . and there is no assignment to the DHS for medical support [] or of arrearages which accrued under any alleged order. (*Id.* citing 45 C.F.R. § 303.11(a)(12)).) According to Plaintiff,

Defendant "failed to comply" with Plaintiff's request to close his case and terminate various security interests, arrearages, and wage garnishments. (*Id.* at 6.)

Plaintiff thereafter sued Defendant in a six-count complaint under 42 U.S.C. § 1983 alleging several violations of his constitutional rights, including the Fourth (Count I), Fifth (Count II), Thirteenth (Count III), and Fourteenth (Counts II & V) Amendments to the U.S. Constitution. (*Id.* at 9–14.) Count VI alleges that the wage garnishment order amounts to an unconstitutional bill of attainder pursuant to Art. I, § 9, Cl. 3 of the U.S. Constitution. (*Id.* at 14–15.) Defendant seeks the Court to eliminate all outstanding judgments to reflect a "zero dollar amount of arrears," and to order Defendant to refund his "honestly acquired income of $300,000.00" plus twelve (12) percent interest due to his "compelled participation in the IV-D program to present." (*Id.* at 15.)

On May 8, 2023, the New Jersey Office of the Attorney General ("OAG") filed a motion to dismiss the Complaint on behalf of Defendant. First, Defendant argues that dismissal is warranted under *Younger* and *Rooker-Feldman* abstention doctrines. (ECF No. 7-1 at 5–9.) Defendant also argues that Plaintiff's pleadings fail to allege sufficient facts to aver either that the garnishments against him were improper, or to overcome qualified immunity. (*Id.* at 14–21.) Finally, Defendant argues that Plaintiff's claims lack redressability because Defendant was only sued in her individual capacity and therefore lacks authority to close his child support case. (*Id.* at 21–22.)

In response to Defendant's motion to dismiss, Plaintiff filed a motion on May 31, 2023, seeking the disqualification of the OAG as counsel for Defendant. (ECF No. 9.) Plaintiff's brief argues that the OCSS, as a "IV-D" agency, does not qualify as a state agency. (ECF No. 13 ¶¶ 4–10.) Therefore, Plaintiff argues that Defendant is not a state actor, Defendant may not be represented by the state OAG, and the OAG's motion to dismiss must fail. (*Id.*)

## II. LEGAL STANDARDS

For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' . . . 'will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

"Strictly speaking, *Younger* abstention is not analyzed under either Rule 12(b)(1) or 12(b)(6)." *Yarborough v. Johnson*, No. 18-2688, 2018 WL 6567701, at *1 (D.N.J. Dec. 12, 2018) (quoting *Knox v. Union Twp. Bd. of Educ.*, No. 13-5875, 2015 WL 769930, at *5 n.7 (D.N.J. Feb. 23, 2015)). That said, "[d]ismissal on abstention grounds without retention of jurisdiction is in the nature of a dismissal under Fed. R. Civ. P. 12(b)(6)." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992). Accordingly, "courts in this District have treated [a motion to dismiss on the basis of] *Younger* abstention as a Rule 12(b)(6) motion to dismiss . . . in that matters outside of the pleadings are not to be considered." *Yarborough*, 2018 WL 6567701, at *1.

## III. DISCUSSION

### A. PLAINTIFF'S MOTION TO DISQUALIFY THE OAG

A motion to disqualify counsel "must be carefully scrutinized because 'motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which

3

courts should hesitate to impose except when absolutely necessary." *Carlyle Towers Condo. Ass'n v. Crossland Sav., FSB*, 944 F. Supp. 341, 345 (D.N.J. 1996) (quoting *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993)). Disqualification motions are often made for tactical reasons, and "even when made in the best of faith, such [disqualification] motions inevitably cause delay in the underlying proceedings." *Id.* (citing *Dewey v. R.J. Reynolds Tobacco Co.*, 536 A.2d 243, 252 (N.J. 1988)). As such, a party seeking disqualification of opposing counsel "carr[ies] a 'heavy burden' and must meet a 'high standard of proof'" in order to prevail. *Alexander*, 822 F. Supp. at 1114.

Plaintiff's motion to disqualify the OAG is founded on the contention that the OCSS is a private organization and therefore cannot be represented by the State. (ECF No. 13 ¶¶ 4–10.) Plaintiff's belief that the OCSS is a private organization is incorrect. The federal government, under Section IV-D of the Social Security Act, authorizes the appropriation of funds to the states for the establishment of programs designed to "enforce[e] the support obligations owed by noncustodial parents to their children . . . ." 42 U.S.C.S. § 651. Section 654 of the Act sets forth the parameters by which states must establish an "organizational unit" to enforce those child support obligations. "In New Jersey, the *state IV-D Agency* is the Department of Human Services, Division of Family Development, Office of Child Support Services (OCSS)." N.J.A.C. § 10:110-1.2(a) (emphasis added). As this section makes patently clear, the OCSS is a state agency. (*See* ECF No. 9 at 5–9.)

Since the OCSS is a state agency, it follows that Defendant — whom both parties acknowledge is director of OCSS (*see* ECF Nos. 1 at 2–4; 12 at 4) — is a state employee. As it is the OAG's duty to defend state employees for actions brought within the scope of their employment, *see* N.J. Stat. § 59:10A-1, the OAG's representation of Defendant is entirely

appropriate and lawful. Because Plaintiff's alleged conflicts of interest arise from the erroneous assertion that the OCSS is a private (or federal) organization (*see* ECF No. 9 at 3–10), Plaintiff has failed to meet his "heavy burden" to establish that the OAG should be disqualified. His motion is therefore denied.

### B. DEFENDANT'S MOTION TO DISMISS

Each count of the Complaint is predicated on the same underlying violation (past and present wage garnishment) and seeks the same relief of reimbursement and vacatur of arrears.[1] As discussed below, the Court finds that it is barred from adjudicating Plaintiff's claims under the *Rooker-Feldman* and *Younger* abstention doctrines because each count seeks the Court to either overturn a state court judgment or enjoin an ongoing state court proceeding.

A federal district court's duty to exercise its jurisdiction conferred by Congress is "virtually unflagging." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). There are limited circumstances, however, where a court may or must abstain from exercising its jurisdiction. For one, "federal courts are not amenable to appeals from disappointed state court litigants." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019). This principle, embodied by the so-called *Rooker-Feldman* doctrine, dictates that federal courts are precluded from finding jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

---

[1] To elaborate briefly, Count I alleges that Defendant committed an "unlawful and unreasonable search of [Plaintiff's] employment [and] then illegally seized [] his honestly acquired income." (ECF No. 1 at 9.) Count II alleges that the Plaintiff's wages were garnished without affording sufficient due process under the Fifth and Fourteenth Amendments. (*Id.* at 11.) Count III alleges that the unconsented wage garnishment amounts to involuntary servitude in violation of the Thirteenth Amendment. (*Id.* at 12.) Counts IV and V allege that Plaintiff's inability to close his case stems from his sex and amounts to intentional discrimination in disregard of Title VI and the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at 13–14.) Finally, Count VI alleges that the wage garnishment amounts to an unconstitutional bill of attainder. (*Id.* at 14–15.)

district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, the Court finds that Plaintiff's Complaint — at least in part — satisfies the four requirements of the *Rooker-Feldman* doctrine. While the Complaint does not plainly reference the underlying family court proceedings and their disposition, Plaintiff repeatedly refers to their existence and it is clear that such judgments and proceedings form the central premise and focal point of this litigation and about which he seeks the federal court to redress. Indeed, in requesting case closure under 45 C.F.R. § 303.11(a)(12), Plaintiff sought the OCSS to terminate all enforcement proceedings of the underlying support order issued by the state family court. When the OCSS refused, Plaintiff filed the instant action in federal district court to not only close his case but also to wipe clean the "IV-D security interest[s]" and force the return of over $300,000 garnished from his wages due to his child support arrears (ECF No. 1 at 15–16.) In short, Plaintiff requests this Court to undo the financial obligations imposed upon Plaintiff through the underlying child support order. This request is squarely barred under the *Rooker-Feldman* doctrine.[2]

The *Rooker-Feldman* doctrine does not extend to all aspects of the Complaint, however. Plaintiff, for instance, requests that the Court enjoin the continued garnishment of his wages and stop the "compelled participation in the IV-D program to present." (*Id.*) Because these claims refer to ongoing proceedings, they are not precluded by the *Rooker-Feldman* doctrine. Nevertheless, the

---

[2] Plaintiff, recognizing this obstacle, argues that the Complaint does not "stem from a loss in an Article VI Sec. 1 New Jersey State Court because the 45 C.F.R. § 303.100 acts performed by Defendant RISCH where [*sic*] coram non judice." (ECF No. 1 at 3.) For the reasons stated herein, Plaintiff's Complaint belies such a characterization. In seeking this Court to refund all financial obligations made pursuant to the support order and enjoin any existing obligations that continue to stem from the order, Plaintiff plainly seeks this Court to reverse the underlying family court judgment. Plaintiff's repeated references to 45 C.F.R. § 303.100(a)(4) do not support his argument, as this provision authorizes OCSS to initiate income withholding to enforce a support order without additional court input or amendment to the support order.

doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny requires this Court to abstain from finding jurisdiction over this aspect of Plaintiff's claims.

*Younger* abstention applies to "three exceptional categories of proceedings: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78–79 (2013)) (quotations and additional citations omitted). If a court finds that the subject proceeding fits one of the above categories, the court must then consider the *Middlesex* factors, namely whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Id.* (citing *Sprint*, 571 U.S. at 81–82 and *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

Here, the Court finds that this case fits into categories two and three. The instant wage garnishment appears to have been initiated by the OCSS as a civil enforcement proceeding to sanction Plaintiff for his failure to make required payments pursuant to a support order.[3] As the U.S. Supreme Court explained in *Sprint*, appropriate actions under category two are "enforcement actions [] characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act." 571 U.S. at 79. This case can also be distinguished from *Malhan*, where the Third Circuit found *Younger* abstention inappropriate because Plaintiff did not

---

[3] As Plaintiff describes it, "[t]he crux of Plaintiff Moffett's complains [*sic*] about the premeditated unconstitutional and forbidden acts performed by Defendant RISCH coram non judice from within the executive branch to enforce and collect IV-D payments by garnishing Plaintiff Moffett's honestly acquired income . . . ." (ECF No. 1 at 3.)

seek to "annul the results of a past garnishment" and no garnishment action was pending. 938 F.3d at 463–65. Here, in contrast, Plaintiff undoubtedly seeks to annul the results of past garnishments, and the state's ongoing garnishment action.

Considering the additional *Middlesex* factors, the Court finds that each factor militates in favor of abstention. Regarding the first factor, "[a] person under a New Jersey state-court child support obligation is a party to an open case that will not terminate until the child support order is finally discharged." *Yarborough v. Johnson*, No. 18-2688, 2018 WL 657701, at *2 (D.N.J. Dec. 12, 2018) (quoting *Anthony v. Council*, 316 F.3d 412, 420 (3d Cir. 2003)).[4] Plaintiff's complaint supports the proposition that proceedings are ongoing. (*See* ECF No. 1 at 15 (stating that he continues to be subject to "compelled participation in the IV-D program *to present*").) Moreover, because the underlying state proceedings form the basis of the federal action, it follows that the proceedings were initiated "before any proceedings of substance on the merits have taken place in the federal court" and therefore may be classified as "pending." *Malhan*, 938 F.3d at 464 (quoting *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 299, 238 (1984)).

Under the second *Middlesex* factor, the Court finds that the instant action "implicate[s] important state interests." Plaintiff seeks this Court to enjoin what is essentially a civil enforcement proceeding of an underlying state court order. The interference with an ongoing state enforcement action — notwithstanding the separate request to nullify a state court judgment — certainly implicates important state interests. *See Sprint*, 571 U.S. at 79–80 (finding "state enforcement actions . . . appropriate for *Younger* abstention"); *cf. Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987) ("A State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, so long as that system itself affords the opportunity to pursue

---

[4] While the Third Circuit in *Malhan* noted that *Sprint* abrogates *Anthony*, it does not appear to have rejected the quoted description of state-court child support obligations. *See Malhan*, 938 F.3d at 462 n.4.

federal claims within it, is surely an important interest."). The facts at bar are readily distinguishable from cases where courts have found *Younger* abstention inappropriate because they involved solely private disputes. *See id.* at 80 (state no longer a party to the dispute); *Malhan*, 938 F.3d at 465 (noting that the state family court's garnishment order had been vacated the year prior and the state did not seek to reinstate it).

Finally, there is a presumption that state courts are equally competent and willing to hear federal statutory and constitutional claims. *Pennzoil*, 481 U.S. at 17. Plaintiff has failed to demonstrate any obstacle to raising his present grievances in state court, and thus there is no basis to conclude that Plaintiff would not be afforded adequate opportunity to raise his claims in state court. *Id.* (finding that Plaintiff had not satisfied this prong because Plaintiff failed to give the court a basis for concluding that Texas law and procedures were deficient). The Court takes no position on the merits or viability of any prospective state court action.

Accordingly, the requirements set forth under *Rooker-Feldman* and *Younger* are satisfied here and abstention is proper in this case. Because the abstention doctrines cover all aspects of Plaintiff's Complaint, the Court need not address Defendant's remaining arguments.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Disqualify Counsel is DENIED and Defendant's Motion to Dismiss is GRANTED. Plaintiff's complaint is hereby DISMISSED, without prejudice. An appropriate Order will accompany this Opinion.

                                                    ROBERT KIRSCH
                                                    UNITED STATES DISTRICT JUDGE

Dated: July 5, 2023